1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CALVIN EDWARD BASKERVILLE,

11              Petitioner,              No. CIV 2:11-cv-0843-JFM (HC)

12       vs.

13   MICHAEL BABCOCK[1], *Warden*,

14              Respondent.              <u>ORDER</u>

15   _____/

16              Petitioner is a federal prisoner proceeding pro se with an application for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2241.[2]  Petitioner claims entitlement to a credit against his

18   federal sentence for time served in a state correctional facility.  Presently before the court is

19   respondent's December 2, 2011 motion to dismiss and response.  Petitioner has filed an

20   opposition.  On review of the motion and response and good cause appearing therefor, THE

21   COURT FINDS AS FOLLOWS:

22   _____

23        [1]  The proper respondent is the custodian of the institution where the petitioner is
     incarcerated.  28 U.S.C. § 2242.  Since the respondent named by petitioner is no longer the
24   warden of FCI Herlong, the institution where petitioner is presently housed, the court will
     substitute Michael Babcock, the current warden of FCI Herlong, as the respondent in this case.
25
          [2]  This matter is proceeding before the undersigned based on the consent of the parties.
26   <u>See</u> Doc. Nos. 4 and 15.

                                       1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The instant petition does not challenge petitioner's conviction or sentence. Rather, petitioner contends that the Bureau of Prisons ("BOP") is executing petitioner's sentence in a way that violates federal law because the BOP refuses to give petitioner credit for time served on state charges.

On May 18, 2005, petitioner was arrested by the Savannah-Chatham Metropolitan Police in the State of Georgia for an outstanding arrest warrant from the State of New Jersey. Johnson Decl., ¶ 3.  During the course of being arrested, petitioner attempted to escape, which led to the filing of a charge of Obstruction of an Officer in a Georgia state court.  Id.  Following his arrest, investigating officers collected ammunition in petitioner's hotel room.  Id.

On June 16, 2005, petitioner was arrested again by Georgia law enforcement and charged with three counts of burglary.  Johnson Decl., ¶ 4.

On September 15, 2006, a Grand Jury sitting in the Georgia federal court returned a one-count indictment charging petitioner with possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1) in case number 4:06-cr-0304-BAE.  See Doc. No. 19-4 at 2.  An amended indictment was returned on January 11, 2007, charging petitioner with the same count, but also setting forth petitioner's prior felony convictions.  Id. at 3.

On September 21, 2006, the Georgia federal court issued a Writ of Habeas Corpus Ad Prosequendum ("WHCAP") seeking petitioner's presence at an October 4, 2006 arraignment / initial appearance.  Doc. No. 19-4 at 1.  Pursuant to the WHCAP, petitioner was released to the custody of the United States Marshal Service ("USMS") on October 4, 2006.  Doc. No. 5.

On January 4, 2007, petitioner entered a guilty plea to the Amended Indictment in the federal court, and on April 3, 2007 petitioner was sentenced to 92 months imprisonment and remanded to the custody of the USMS.  Doc. Nos. 19-4, 19-5 and 19-6.

Following his return to the custody of the USMS, petitioner was transferred back to Chatham County, Georgia officials.  Doc. No. 19-5.  The Georgia federal court's Judgment

1  and Commitment Order was lodged by the USMS as a detainer against petitioner.  Johnson
2  Decl., ¶ 8.

3  On May 3, 2007, petitioner pled guilty to three counts of burglary in the Superior
4  Court of Chatham County Georgia in case number CR05-2107-FR.  Doc. No. 19-7.  He was
5  subsequently sentenced to seven years on each count.  Id.  The state court judge ordered that
6  each term run concurrently to each other as well as concurrently to any other sentence that
7  petitioner was then serving.  Id.

8  On March 29, 2010, petitioner was paroled from the custody of the State of
9  Georgia to the USMS detainer for service of the sentence imposed by the Georgia federal court.
10  Doc. Nos. 19-8 and 19-9.  His sentence was calculated to commence on that date.

11  On July 28, 2010, petitioner initiated the administrative remedies process with the
12  BOP by submitting a request for a nunc pro tunc designation.  See Doc. No. 19-10.  Petitioner
13  sought to have his federal sentence be deemed to have commenced on the date he was sentenced
14  in federal court (April 3, 2007) as opposed to the date that he was transferred to federal custody
15  (March 29, 2010).  Id. at 3.

16  On August 30, 2010, petitioner filed a "Motion for Court's Recommendation to
17  BOP in Support of BOP's Nunc Pro Tunc Designation under 18 U.S.C. § 3621(b)" in the
18  Georgia federal court.  Doc. No. 19-11.  Therein, petitioner sought a recommendation from his
19  federal sentencing judge to the BOP that petitioner's federal sentence should run concurrently
20  with his state sentence.  Id.  Petitioner's request was denied by the federal court on August 31,
21  2010.  Doc. No. 19-12.

22  On January 20, 2011, petitioner exhausted the administrative remedies process
23  when the BOP denied petitioner's application for a nunc pro tunc designation based on the
24  second, third and fourth factors of 18 U.S.C. § 3621(b).  Doc. No. 19-13.  Specifically, the BOP
25  determined that the nunc pro tunc designation was unavailable in light of "the nature and
26  circumstances of petitioner's underlying offense" (possession of ammunition by a convicted

3

1   felon); "the history and characteristics of the prisoner" (his guilty plea in state court to three

2   charges of burglary); and "any statements by the court that imposed the sentence" (the federal

3   court's August 31, 2010 denial of petitioner's request for a recommendation to the BOP).  Id.

4         Petitioner filed the instant action on Marc 29, 2011.  Respondent filed a motion to

5   dismiss and response on December 2, 2011.

6   DISCUSSION

7   A.    <u>Jurisdiction</u>

8         Under 28 U.S.C. § 2241, habeas corpus relief is available to a federal prisoner in

9   custody under the authority of the United States if he can show he is "in custody in violation of

10  the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1) & (3).  While a

11  federal prisoner challenging the validity or constitutionality of a conviction must bring a petition

12  for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location,

13  or conditions of the execution of that sentence is required to bring a petition for writ of habeas

14  corpus under 28 U.S.C. § 2241.  <u>See</u> <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000)

15  ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the

16  sentencing court, while petitions that challenge the manner, location, or conditions of a

17  sentence's execution must be brought pursuant to § 2241 in the custodial court."); <u>Tucker v.</u>

18  <u>Carlson</u>, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a

19  sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. §

20  2241").  Under § 2241, a habeas corpus petition must be brought in the judicial district of the

21  petitioner's custodian.  <u>Hernandez</u>, 204 F.3d at 865.

22        In this case, petitioner is incarcerated at FCI Herlong, which is in the Eastern

23  District of California.  Michael Babcock, the Warden of Herlong, is named as respondent.

24  Accordingly, this action has been properly filed in this court.

25  /////

26  /////

B.   <u>Petitioner's Claim</u>

Petitioner seeks prior custody credit pursuant to <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1971).  Under <u>Willis</u>, a defendant in a federal case may be entitled to custody credits for time in state custody if the defendant is denied bail in the state case because a federal detainer had been lodged against him.  <u>Id.</u> at 925.  Petitioner argues that, pursuant to <u>Willis</u>, he is entitled to credit from April 3, 2007, the date on which he was sentenced in the federal case, to March 29, 2010, the date on which he was paroled on his state sentence and turned over to federal custody to serve his federal sentence.

C.   <u>Respondent's Motion to Dismiss and Response</u>

Respondent argues that the petition should be denied on the ground that federal law prohibits the credit that petitioner seeks.  Respondent also argues that, to the extent the petition can be construed as a challenge to the BOP's determination that petitioner is not entitled to a nunc pro tunc designation, the petition should be dismissed because this court lacks subject matter jurisdiction.

1.   <u>Prior Custody Credit is Unavailable</u>

a.   <u>18 U.S.C. § 3585: Computing Federal Sentence</u>

Generally, "[c]omputing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody."  <u>United States v. Smith</u>, 812 F. Supp. 368, 370 (E.D.N.Y. 1993).  The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises this authority through the BOP.  <u>United States v. Wilson</u>, 503 U.S. 329, 334-35 (1992).

I.   <u>Commencement of Sentence</u>

A federal sentence commences "on the date the defendant is received in custody ... to commence service of sentence at the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  In this case, the BOP deemed petitioner's federal sentence to

have commenced on March 29, 2010, the date on which he was turned over to federal custody to begin serving his federal sentence.

Insofar as petitioner alleges that his federal sentence commenced when he was sentenced in the federal court, he is mistaken. The production of a defendant in state custody to a federal court pursuant to a writ of habeas corpus ad prosequendum does not constitute the commencement of a sentence under federal law. Taylor v. Reno, 164 F.3d 440, 444-45 (9th Cir. 1998); Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991). Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner upon satisfaction of the state term. Taylor, 164 F.2d at 445. As the Ninth Circuit has held, "When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." Thomas, 923 F.3d at 1367.

ii.    Credit for Prior Custody

Whether petitioner is entitled to any credit for his state sentence is determined by 18 U.S.C. § 3585(b), which provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>    (1) as a result of the offense for which the sentence was imposed; or
>
>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Here, petitioner was not entitled to credit for time served on his state sentence because, first, it was not a term served "as a result of the offense for which the [federal] sentence was imposed," § 3585(b)(1), and because, second, petitioner already received credit for that time

on his state sentence, § 3585(b)(2).  To give petitioner credit of his prior custody on both his

state sentence and his federal sentence violates the plain language of § 3585(b) and is barred by

United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear [in Section 3585(b)]

that a defendant could not receive a double credit for his detention time.").  Thus, it is evident

that petitioner is not entitled to prior custody credit pursuant to § 3585(b).

b.      Exception to 18 U.S.C. § 3858(b): *Willis v. United States*

Recognizing the unavailability of prior custody credit pursuant to 18 U.S.C.

§ 3585(b), petitioner seeks relief through Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

While 18 U.S.C. § 3585(b)(2) bars crediting a federal term with time already counted toward

another sentence, Willis provides a judicially-created exception.  Under Willis, BOP grants prior

custody credit, even if it results in a double-credit toward a state sentence, when two conditions

are met: (1) a prisoner's state and federal sentences run concurrently; and, (2) the federal

sentence full term release date is equal to or greater than the state sentence full term release date.

Id.  If these two circumstances are met, then credit is given toward the federal sentence for time

spent in state pre-sentence custody that begins on or after the date of the federal offense, and

runs to the imposition of the first state sentence.  Id.

I.      Petitioner's Sentences Ran Consecutively

Pursuant to Radcliffe v. Clark, 451 F.2d 250, 252, (5th Cir. 1971), Willis only

applies if the state court imposed a sentence that was concurrent to a federal sentence.  Whether

a sentence is concurrent or consecutive is determined by 28 U.S.C. § 3584(a), which provides

that "if a term of imprisonment is imposed on a defendant who is already subject to an

undischarged term of imprisonment, the terms may run concurrently or consecutively."  If the

"[m]ultiple terms of imprisonment [are] imposed at different times[, then they] run consecutively

unless the [federal] court orders that the terms are to run concurrently."  Id.

Here, it is undisputed that petitioner was sentenced at different times for the state

and federal offenses.  Thus, pursuant to § 3584(a), the sentences are to run consecutively unless

1   the federal court ordered otherwise.  In this case, the federal sentence was imposed first, and the

2   federal court expressed no position as to whether the sentence was to run concurrently or

3   consecutively to any later-imposed state sentence.  "[I]n the absence of an order to the contrary,

4   a federal sentence is to run consecutively to a prior state sentence."  <u>United States v. Chea</u>, 231

5   F.3d 531, 535 (9th Cir. 2000).  Thus, the undersigned finds that petitioner's state and federal

6   sentences run consecutively to rather than concurrently with each other.

7                    ii.       <u>The State Court's Statements Were a Recommendation</u>

8                    Next, to the extent petitioner relies on the state court judge's express statements

9   that the state sentence was to run concurrently with the federal sentence, the BOP was entitled to

10  refuse to honor the state court's recommendation.  <u>See</u> <u>Del Guzzi v. United States</u>, 980 F.2d

11  1269, 1270 (9th Cir. 1992).  In <u>Del Guzzi</u>, Del Guzzi was convicted in federal court and

12  sentenced to five years in prison.  He was ordered to self-surrender the next month to begin his

13  sentence.  <u>Id.</u>  Before that time, he was arrested on state charges, pled guilty and was sentenced

14  to five years in custody to be served concurrently with the federal sentence.  <u>Id.</u>  The state

15  sentencing judge recommended that Del Guzzi be transported to federal prison to serve the

16  concurrent prison terms.  <u>Id.</u>  However, the federal authorities refused to accept him until he

17  completed his state sentence.  <u>Id.</u>  After serving three years and seven months, he was released

18  from state custody and immediately placed into federal custody.  <u>Id.</u>  Del Guzzi petitioned the

19  BOP to credit him for the time spent in state prison and the BOP refused.  <u>Id.</u>

20                   On appeal, the court rejected Del Guzzi's claims.  980 F.2d at 1270.  The court

21  noted that though the state sentencing judge clearly intended his state sentence to not extend the

22  amount of time he spent in custody and urged that he should be transported to federal custody for

23  this purpose, the state judge had no authority to order it.  <u>Id.</u>  The court held,

24           Although the state judge stated that Del Guzzi's sentence "may be served in the
             federal prison," and "recommended that he be transported on the first available
25           transportation," his authority was limited to sending Del Guzzi to state prison to
             serve his state sentence.  Accordingly, his federal sentence did not begin to run
26           until April 17, 1989, when he was received at the federal prison.  <u>Hardy v. United</u>

States Bd. of Parole, 443 F.2d 402, 402 (9th Cir. 1971) ("It is fundamental that appellant's federal sentence did not begin to run until appellant ... was returned to federal prison for the service of the balance of his sentence"); Thomas v. Brewer, 923 F.2d 1361, 1368-69 (9th Cir. 1991).

Id. at 1270-1271.  The concurring opinion noted,

> State sentencing judges and defense attorneys in state proceedings should be put on notice. Federal prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility. Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody.

Id. at 1272–1273 (Norris, J. concurring) (emphasis added); Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2003) ("The BOP was under no obligation to follow the allegedly expressed wishes of the state court ...")

Based on the foregoing, the undersigned finds that relief under Willis is unavailable because petitioner's state and federal sentences ran consecutive to rather than concurrent with each other.

> 2.    This Court Lacks Jurisdiction to Review the BOP's Discretionary Determination Regarding Nunc Pro Tunc Designation

The only relief available to petitioner for prior custody credit remained at the discretion of the BOP through 18 U.S.C. § 3621(b).  "On its face, [18 U.S.C.] 3621(b) gives the BOP only the administrative responsibility to identify the facility in which a federal prisoner will serve out the sentence imposed by the district court."  Reynolds v. Thomas, 603 F.3d 1144, 1150 (9th Cir. 2010).  The BOP regulations provide that it may designate a state prison as the facility for service of a federal sentence, thus allowing for concurrent state and federal sentences, in certain circumstances, including when an inmate requests a nunc pro tunc designation and the district court does not object or when a state jurisdiction makes such a request.  BOP Program Statement ("PS") 5160.05.  The BOP evaluates requests for nunc pro tunc designation by considering:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence-

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

> (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

At petitioner's request, the BOP reviewed petitioner's eligibility for a retroactive designation and ultimately determined that such a designation would not be appropriate under the second, third and fourth factors. Assuming then that petitioner's § 2241 petition could be read to argue that the BOP should have granted petitioner's request for a retroactive designation to a state facility pursuant to 18 U.S.C. § 3621(b), such that his federal sentence would have run concurrently to his state sentence from the date his federal sentence was imposed, petitioner's claim is foreclosed by the plain language of 18 U.S.C. § 3625 and the Ninth Circuit's decision in Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011).

Respondent is correct in noting that this court lacks jurisdiction to review the BOP's decision denying petitioner's request for a retroactive designation under 18 U.S.C. § 3621(b). In Reeb, the Ninth Circuit held that the plain language of 18 U.S.C. § 3625, which is entitled "Inapplicability of the Administrative Procedure Act," bars judicial review of any substantive "'determination, decision or order' made pursuant to 18 U.S.C. §§ 3621–3624." Reeb, 636 F.3d at 1226. "To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." Id. at 1227.

1    Pursuant to <u>Reeb</u>, the BOP's substantive determination under § 3621 to deny a
2    retroactive designation of petitioner's sentence is not subject to judicial review.  Petitioner's
3    sentence was calculated in accordance with relevant statutory law, case law, and policy, and he is
4    not entitled to further relief.

5    Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United
6    States District Courts, "[t]he district court must issue or deny a certificate of appealability when
7    it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of
8    appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial
9    showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either
10   issue a certificate of appealability indicating which issues satisfy the required showing or must
11   state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

12   Where, as here, the petition should be dismissed on procedural grounds, a
13   certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason
14   would find it debatable whether the district court was correct in its procedural ruling'; and (2)
15   'that jurists of reason would find it debatable whether the petition states a valid claim of the
16   denial of a constitutional right.'"  <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000)
17   (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

18   This court finds that petitioner has failed to satisfy either requirement for issuance
19   of a certificate of appealability in this case.  Accordingly, the undersigned will decline to issue a
20   certificate of appealability.

21   /////
22   /////
23   /////
24   /////
25   /////
26   /////

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss is granted;

2. Petitioner's writ of habeas corpus is denied; and

3. The court declines to issue a certificate of appealability.

DATED: June 28, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;bask0843.mtd

12