IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVIN EDWARD BASKERVILLE,

    Petitioner,                    No. CIV 2:11-cv-0843-JFM (HC)

    vs.

MICHAEL BABCOCK, *Warden*,

    Respondent.                ORDER

_____/

        Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is proceeding before the undersigned based on the consent of the parties. See 28 U.S.C. § 636(c)(1); Doc. Nos. 5, 15.

        On June 29, 2012, the court issued an order granting respondent's motion to dismiss, and judgment was entered accordingly. The court also declined to issue a certificate of appealability. Presently pending before the court is petitioner's July 12, 2012 motion for reconsideration.

        The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985) (discussing reconsideration of summary judgment); see also

Schroeder v. McDonald, 55 F.3d 454, 458–59 (9th Cir. 1995).  The motion must be filed no later than ten days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 10–day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 10–day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1    In his motion for reconsideration, petitioner argues that reconsideration is
2 warranted because the state court granted petitioner a hearing on July 19, 2012 relating to the
3 issue of time served in state custody that may be vacated.  Petitioner, however, does not explain
4 how this hearing would affect or be related to the judgment rendered in this case.  Furthermore,
5 petitioner has not otherwise demonstrated mistake, fraud, misrepresentation, a change in the
6 controlling law, newly discovered evidence, or any other basis that would justify
7 reconsideration.
8    Accordingly, IT IS HEREBY ORDERED that petitioner's motion for
9 reconsideration (Doc. No. 24). is denied.
10 DATED: September 28, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;bask0843.recons